**HART v CONGER HELPER REALTY CO**

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10203. Decided December 23, 1929

Mr. H. E. Kohen, Esq., Cleveland, for Hart.

Messrs. Thompson, Hine & Flory, Cleveland, for Realty Co.

LEMERT, P. J. & SHERICK, J. (5th Dist) sitting.

**SHERICK, J.**

Two questions are, therefore, before this court for consideration, the first of which is as follows:

May a defendant assert the statute of frauds as a bar to an action under an answer in the form of a general denial?

We believe that this question has been fully answered by the Supreme Court in the case of **Birchell vs. Neaster, 36 OS. 331** and that this question is no longer an open one in Ohio, and that the statute of frauds may be proven under a general denial.

The second question is: Can one recover commissions for the sale of real estate made in the year 1924 pursuant to a parol contract made in the same year, the action not having been commenced therefor until the year 1927?

It is well settled in this State that there is no vested right to a remedy, and the legislature may, at any time, amend or repeal any such remedial statute, provided that such amendment shall not affect a pending action, unless specifically provided for in the amending section. This is forbidden by **26 GC.**

This question has likewise been before the courts of this State, and it has been decided that the statute of frauds is remedial in its nature and lays down a rule of evidence. Rules of evidence are applicable to the remedy only and a statute which modifies a remedy is not in conflict with the constitutional guaranty against the enactment of retroactive laws.

The amendment to the statute of frauds became operative on July 9th, 1925, and the cause of action herein sued upon was not commenced until the year 1927. It, therefore, follows, that the rule annnounced, precludes the plaintiff in error from any recovery upon the oral contract plead in this instance, and we believe that the case of **Elder vs. Shoffstal, 90 OS. 265; 107 NE 539** is direct authority for the rule announced herein.

The case of **State ex rel Campbell vs. Ballard, 8 OA. 44; Schoenl vs. Warner White Co., 2 Ohio Bar 59; Ward vs. Schwartz, 25 OA. 175,** and the recent case of **Cliff vs. Seligman,** decided by Judge West in the Federal District Court of the Northern District of Ohio, Eastern Division, on January 15th, 1929, are also in point.

It, therefore, follows, that the judgment of the trial court will be and the same is hereby affirmed with exceptions.

Lemert, PJ., concurs. Houck, J., not participating.